

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 5, 1947

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas          Opinion No. V-236

Re: The effect to be ac-
corded the 1% sales
tax on transfer of
motor vehicles under
Dear Sir:              the submitted facts.

You have requested the opinion of this Depart-
ment upon the following factual situation:

"A car owner trades a Second Hand Auto-
mobile valued at $3,043.00 to a dealer for a
new unregistered automobile valued at $2,471.00.
The dealer pays the difference of $572.00 to
the original car owner in cash.

"The Tax Assessor-Collector upon the ap-
plication for registration of these two auto-
mobiles demanded the 1% Sales Tax on the
$3,043.00 automobile as authorized by subsec-
tion b of Section I of Article 7047-K. The car
dealer refused the payment of this tax relying
on subsection b of Section II of Article 7047K.
The Tax Assessor-Collector has written this De-
partment as to whether he is required to col-
lect the taxes from the above mentioned. We
shall, therefore, thank you to advise us wheth-
er the dealer is required to pay the taxes.

"The dealer alleges that the Second Hand
car was purchased by him for re-sale only, and
the original owner of the Second Hand car al-
leges that the new car acquired by him is for
personal use.

"Due to the fact that no tax has been paid
upon the sale of the new automobile valued at
$2,471.00, and it is to be used upon the high-
ways, you will please advise us whether or not
a tax should be paid even though the value of

the new car was less than the value of the
car that was traded to the dealer for it."

Your query iv whether or not the 1% motor ve-
hicle retail sales tax is due on the sale of the auto-
mobile valued at $3,043.00 or on the sale of the automo-
bile valued at $2471.00.

The pertinent parts of House Bill No. 8, Acts
of the 47th Legislature, Regular Session, 1941, Chapter
184, Article VI, p. 269 (Codified as Article 7047-X,
Vernon's Civil Statutes), are as follows:

"Section 1. (a) There is hereby lev-
ied a tax upon every retail sale of every
motor vehicle sold in this State, such tax
to be equal to one (1) per cent of the total
consideration paid or to be paid to the sell-
er by the buyer, which consideration shall
include the amount paid or to be paid for said
motor vehicle and all accessories attached
thereto at the time of the sale, whether such
consideration be in the nature of cash, credit,
or exchange of other property, or a combination
of these . . .

"(b) In all cases of retail sales involv-
ing the exchange of motor vehicles, the party
transferring the title to the motor vehicle hav-
ing the greater value shall be considered the
seller, and no tax is imposed upon the transfer
of a motor vehicle traded in upon the purchase
price of some other motor vehicle.

". . .

"Section 3. (a) The term 'sale' as here-
in used shall include instalment and credit
sales, and the exchange of property, as well
as the sale thereof for money, every closed
transaction constituting a sale. The trans-
action whereby the possession of property is
transferred but the seller retains title as
security for the payment of the price shall be
deemed a sale.

"(b) The term 'retail sale' or 'retail
sales' as herein used shall include all sales

of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use." (Emphasis added)

The motor vehicle retail sales tax composes Article VI of House Bill No. 8, known as the "Omnibus Tax Bill", the primary object of which was the raising of general revenue for the State. The general rule of law, in the construction of tax statutes when the legislative intent is ambiguous or obscure, of strict construction against the State and liberal construction in favor of the taxpayer, must be applied. (See 40 Tex. Jur. Par. 45, p. 69).

In that part of the transaction involving the automobile valued at $3043.00, the owner transferring its title became the "seller" as defined in Section 1 (b), supra, since such motor vehicle had the greater value in the exchange of vehicles. The dealer became the "purchaser" of such vehicle and having acquired it for the "exclusive purpose of resale" is exempt from the payment of the tax thereon by the provisions of Section 3 (b) supra.

As to that part of the transaction when the car dealer transfers the title to the new unregistered automobile valued at $2471.00, as a part of the "retail sale involving the exchange of motor vehicles", since this automobile was "traded in upon the purchase price of some other motor vehicle", which was of lesser value than the other motor vehicle involved in the "exchange," the car dealer is not the "seller" as defined in Section 1 (b) supra, and no tax is imposed upon its transfer. Therefore, such motor vehicle may be registered without the payment of the 1% sales tax by either party.

## SUMMARY

Where an exchange is made by the owner of a used motor vehicle with a car dealer for a new unregistered motor vehicle together with an additional cash consideration paid by the car dealer to the owner, the used vehicle being acquired by the car dealer for the exclusive purpose of resale, each of the motor vehicles may be registered without the payment of the 1%

motor vehicle retail sales tax thereon. Article 7047-K, Vernon's Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR/lh

APPROVED

ATTORNEY GENERAL